**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**JULES GAUTIER,**
**individually and on behalf of all others**
**similarly situated,**                    Civ. Action No.    5:20-cv-00165

        **Plaintiff,**

    **v.**

**TAMS MANAGEMENT, INC.,**
**PAY CAR MINING, INC.,**
**BLUESTONE INDUSTRIES, INC.,**
**BLUESTONE RESOURCES, INC.,**
**and BLUESTONE COAL CORP.,**

        **Defendants.**

## COMPLAINT

The Plaintiff, Jules Gautier, individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this action arising out of a violation of the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2101 et seq.

Defendants Tams Management, Inc. and Pay Car Mining, Inc., on their own and in concert with their affiliates Bluestone Industries, Inc., Bluestone Resources, Inc., and Bluestone Coal Corp., failed to provide their full-time employees with sixty-days notice required under the WARN Act prior to laying off more than fifty of those workers, including Plaintiff, beginning on or about October 24, 2019 at the Burke Mountain Mine Complex in McDowell County, West Virginia.

Plaintiff brings this action, consistent with Federal Rule of Civil Procedure 23, on his own behalf and on behalf of the Defendants' other similarly-situated employees, for statutory damages, interest, costs, and fees, pursuant to the WARN Act.

## Parties

1.       Plaintiff, Mr. Jules Gautier, was a full-time employee of Defendants, jointly, for over six of the twelve months preceding October 24, 2019.  Mr. Gautier worked for those Defendants at the coal-mining and preparation site known as the Burke Mountain Mine Complex in McDowell County, West Virginia, at the time that he was laid off without prior written notice on or about October 24, 2019.  At all times relevant herein, Mr. Gautier has resided in Raleigh County, West Virginia.

2.       Tams Management, Inc. is a West Virginia corporation, with its mailing address at P.O. Box 2178, Beaver, Raleigh County, West Virginia 25813, and its principal place of business at Glade Springs, 216 Lake Drive, Daniels, Raleigh County, West Virginia 25832.

3.       Pay Car Mining, Inc. (hereinafter "Pay Car") is a West Virginia corporation, with its mailing address at P.O. Box 2178, Beaver, Raleigh County, West Virginia 25813, and its principal place of business at Glade Springs, 216 Lake Drive, Daniels, Raleigh County, West Virginia 25832.

4.       Bluestone Industries, Inc. (hereinafter "Bluestone Industries") is a West Virginia corporation, with its mailing address at P.O. Box 2178, Beaver, Raleigh County, West Virginia 25813, and its principal place of business at Glade Springs, 216 Lake Drive, Daniels, Raleigh County, West Virginia 25832.

5. Bluestone Coal Corporation (hereinafter "Bluestone Coal Corp.") is a West Virginia corporation, with its mailing address at P.O. Box 2178, Beaver, Raleigh County, West Virginia 25813, and its principal place of business at Glade Springs, 216 Lake Drive, Daniels, Raleigh County, West Virginia 25832.

6. Bluestone Resources, Inc. (hereinafter "BRI") is a Delaware corporation, with its mailing address at P.O. Box 2178, Beaver, Raleigh County, West Virginia 25813, and its principal place of business at Glade Springs, 216 Lake Drive, Daniels, Raleigh County, West Virginia 25832.

## Jurisdiction and Venue

7. Jurisdiction over this claim is founded on the existence of a federal question. This action arises under the WARN Act, 29 U.S.C. § 2101, et seq., and jurisdiction is conferred pursuant to 29 U.S.C. Section 2104.

8. Venue is proper in this District pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), because the WARN Act violation giving rise to this Complaint is alleged to have occurred in this District and in this Beckley Division, and because the Defendant-employers transact business in said District and Division.

## Facts

9. Prior to October 24, 2019, Tams Management, Inc., both on its own and jointly with Pay Car Mining, BRI, Bluestone Coal Corp. and Bluestone Industries, employed 100 or more employees, including Plaintiff, excluding part-time employees, at or in connection with the Burke Mountain Mine.

10.     During the year 2019, the Defendants owned, operated, and controlled several mining facilities that produced and prepared coal in Wyoming and McDowell Counties, West Virginia, including the integrated operations encompassed by the Burke Mountain Mine.

11.     Bluestone Resources owned, controlled, operated, and maintained the Burke Mountain Mine, in coordination with Bluestone Industries, Bluestone Coal Corp., Pay Car Mining, and BRI, through the subsidiary Tams Management at all relevant times.

12.     The Burke Mountain Mine is located on and along a County Highway running from the head of Pinnacle Creek to the head of Carswell Hollow, several active or idled underground mine portal, offices, refuse pond facility, and preparation plant accessible from Bottom Creek Road (County Highway 52/08) on the ridge that separates McDowell and Wyoming Counties, West Virginia.

13.     At all relevant times, the coal from the underground operations at the Burke Mountain Mine Complex was processed, beneficiated, and/or prepared for sale at a preparation plant that was controlled and operated by BRI, Bluestone Industries, Bluestone Coal Corp., and/or Pay Car Mining, and that was located on that Complex.

14.     The preparation plant was directly linked to the working faces of the surface and underground mining operations by haul roads that were permitted by the West Virginia Department of Environmental Protection in the name of Bluestone Coal Corporation, and that were controlled by Bluestone Coal Corporation in concert with other Defendants.

15.     The Burke Mountain Mine Complex constituted a "single site of employment" for purposes of the WARN Act.

4

16.     All of the employees at the Burke Mountain Mine Complex were engaged in a common operational purpose, under common management, used common equipment, and were under the Defendants' *de facto* and *de jure* management, maintenance, and control. Representatives of each of the three Defendants routinely ordered, directed, and/or controlled the Plaintiff and other workers throughout the Complex on a daily basis.

17.     At all times relevant to this action, the Complex was under the Defendants' *de jure* and *de facto* ownership and control as an employer and a mine operator.

18.     Upon information and belief, employees of Defendant Bluestone Industries directed the workforce at the Complex and participated in implementing the layoff that forms the basis of the instant action.

19.     Up until on or about October 24, 2019, there were three shifts of workers at the Buke Mountain Mine Complex—day or first shift; evening or second shift; and hootowl, midnight, or third shift.

20.     On or about October 24, 2019, the Defendants ordered and carried out a mass layoff at the Complex as part of a plant closure---i.e. a shutdown of surface mining operations that was permanent, or at least for the foreseeable future.

21.     Neither the Plaintiff nor the others of Defendants' employees at the Burke Mountain Mine Complex received written notice that the employees would be laid off prior to the occurrence of that layoff beginning on or around October 24, 2019.

### Count I - Violation of the WARN Act
29 U.S.C. 2104

22.     Plaintiff repeats and re-alleges paragraphs 1 through 16 as though fully set forth herein.

23.     Defendant Tams Management individually, and all Defendants jointly, constitute employers as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because Tams Management individually and all Defendants jointly are business enterprises that either employed one hundred (100) employees, excluding part-time employees, or employed one hundred or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of hours of overtime).

24.     The Plaintiff is an affected employee as defined by 29 U.S.C. § 2101(a)(5), for purposes of the WARN Act, because he is an employee of one or more of the Defendants who experienced an employment loss as a consequence of a plant closing or mass layoffs ordered by Defendants as stated in above.

25.     As employers under the WARN Act, Defendants had an obligation pursuant to 29 U.S.C. § 2102 to provide written notice to the affected employees or to a representative of the affected employees at the Burke Mountain Mine Complex at least sixty (60) days prior to the planned plant closing or mass layoffs.

26.     Plaintiff was laid off by Tams Management, and by Defendants jointly, on or about October 24, 2019, and within a 90-day period encompassing other layoffs at the Burke Mountain Mine Complex by the Defendants.

27.     The October 24, 2019 layoff, either on its own or taken together with layoffs within said 90-day period, constitutes a plant closing and/or mass layoff pursuant to 29 U.S.C. § 2104(d).

6

28.     Plaintiff and Defendants' other aggrieved and affected employees experienced an employment loss because they were separated from work, without cause, for a period to exceed 6 months, as a result of the aforementioned layoff, which constituted a plant closing at the Burke Mountain Mine Complex.

29.     Alternatively, the Plaintiff and Defendants' other aggrieved and affected employees at the Burke Mountain Mine Complex experienced an employment loss as a result of the aforementioned layoff, and as a consequence of which the Plaintiff and Defendants' other affected employees were laid off for a period exceeding 6 months, and which constituted a mass layoff.

30.     Defendants failed to provide a written notice to Plaintiff, or to Defendants' other affected employees at the Burke Mountain Mine Complex, prior to closing the plant or carrying out the mass layoff beginning on or about October 24, 2019.

31.     As a result of the plant closing or mass layoff carried out on or about October 24, 2019, among other dates known and unknown within a 90-day period encompassing October 24, 2019, at least approximately 100 of Defendants' employees, excluding part-time employees, and including Plaintiff, who collectively comprised more than thirty-three percent (33%) of the employees at the Burke Mountain Mine Complex, experienced an involuntary, continuous, and ongoing employment loss on a permanent basis, and thus for a period exceeding six (6) months, which continues to cause them substantial economic and other harm.

**Class Allegations**

32.     Plaintiff repeats and re-alleges paragraphs 1 through 26 as though fully set forth herein.

33. Pursuant to Rule 23(a)-(b), Plaintiff brings this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were laid off or terminated, as set forth above, at the Pay Car Mine.

34. The proposed class would be defined as: All full-time employees who were terminated from full-time employment at the Burke Mountain Mine Complex by Tams Management, Inc., Pay Car Mining, Inc., Bluestone Industries, Inc., Bluestone Coal Corporation, or Bluestone Resources, Inc. on or about October 24, 2019.

35. The Class Members are so numerous that joinder of all Class Members is impracticable because it is estimated that Defendants laid off or terminated at least approximately 100 of their employees in violation of the WARN Act.

36. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members.  The principal question in this case is whether the Defendants' failure to provide notice of the 2019 Burke Mountain layoff constituted a violation of the WARN Act.

37. The claims and defenses of the Plaintiff are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Defendants' wrongful conduct in violation of the WARN Act and possess the same remedies at law.

38. The Plaintiff will fairly and adequately protect the interest of the Class Members because Plaintiff has demonstrated his commitment to this claim by preserving his work records, and because Plaintiff is represented by counsel who are competent and experienced, including experienced in bringing class action litigation under the federal WARN Act involving these Bluestone Defendants.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) each individual Class Member has suffered damages that are merely modest.  Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this forum will promote judicial economy.

### Damages and Relief Requested

40.     Pursuant to Rule 23(a), (b), & (c), and 29 U.S.C. § 2104(a)(5), and other applicable law, Plaintiff requests that the Court certify that Plaintiff and all other similarly-situated workers from Defendants' layoff occurring on or around October 24, 2019, as set forth above, constitute a single class.

41.     Plaintiff requests that the Court designate him as class representative as permitted by 29 U.S.C. § 2104(a)(5).

42.     Plaintiff requests that the Court appoint the undersigned attorneys as class counsel.

43.     As a result of Defendants' WARN Act violations, Plaintiff requests that the Court order Defendants to pay Plaintiff and all other Class Members up to the maximum amount of statutory damages, including interest compounded at an appropriate rate and frequency, pursuant to 29 U.S.C. §§ 2104(a)(1) & (2).

44.     Plaintiff requests that the Court order Defendants to pay Plaintiff's reasonable attorneys' fees, litigation expenses, and other costs that Plaintiff incurs in pursuing this action as authorized by 29 U.S.C. § 2104(a)(6).

45.     Plaintiff requests that the Court grant them and all other Class Members any such other relief as it may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

> **Plaintiff,**
> **Jules Gautier,**
> **By counsel:**

 \s\ Samuel B. Petsonk_____
Samuel B. Petsonk (WVSB # 12418)
Petsonk, PLLC
101 Ramey Court
PO Box 1045
Beckley, WV 25802
(304) 900-3171
(304) 986-4633 (fax)

Aubrey Sparks  (WVSB # )
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, West Virginia 25301
(304) 344-3144
Fax: (304) 344-3145
Email:  aubrey@msjlaw.org
bren@msjlaw.org