IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **JULES GAUTIER,**<br>**Individually and on behalf of all others**<br>**similarly situated,**<br><br>        **Plaintiff,**<br><br>v.<br><br><br>**TAMS MANAGEMENT, INC.,**<br>**PAY CAR MINING, INC.,**<br>**BLUESTONE INDUSTRIES, INC.,**<br>**BLUESTONE RESOURCES, INC., and**<br>**BLUESTONE COAL CORP.** | Civil Action No. 5:20-cv-00165<br><br><br><br><br><br>**JURY DEMAND** |

## ANSWER

Defendants Pay Car Mining, Inc., Bluestone Industries, Inc., Bluestone Resources, Inc., and Bluestone Coal Corp. (collectively "these Defendants") by counsel, for their Answer to Plaintiff's Complaint, respond first to Plaintiff's unnumbered allegations as follows: The first unnumbered sentence of Plaintiff's Complaint does not make any factual allegations, so no response is required. These Defendants deny the allegations contained in the second unnumbered sentence of Plaintiff's Complaint. The third unnumbered sentence of Plaintiff's Complaint makes no factual allegations, so no response is required. These Defendants respond to Plaintiff's numbered paragraphs as follows:

### Parties

1. These Defendants deny that they employed Plaintiff. These Defendants deny there was a "coal mining and preparation site known as the Burke Mountain Mine Complex." These Defendants deny

for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

      2.   These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

      3.   These Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

      4.   These Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

      5.   These Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

      6.   These Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## Jurisdiction and Venue

      7.   Paragraph 7 of Plaintiff's Complaint makes no factual allegations, so no response Is required.  These Defendants deny all allegations not expressly admitted.

      8.   These Defendants admit they did conduct business in this District and Division. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are legal conclusions to which no response is required.  These Defendants deny all allegations not expressly admitted.

## Facts

      9.   These Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

      10.  These Defendants admit that during the year 2019, the Defendants owned and

operated mining facilities which produced and prepared coal in Wyoming and McDowell Counties, West Virginia. These Defendants deny those facilities constitute "integrated operations" or that there is any such thing as the "Burke Mountain Mine." These Defendants deny all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. These Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint is imprecisely worded, and contains a run-on sentence. These Defendants admit that there are a number of mining facilities in the area described by Plaintiffs. These Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint for lack of clarity.

13. These Defendants admit that coal from some of the mining facilities in the area described in Plaintiff's Complaint was processed, prepared, and beneficiated at a nearby plant. These Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. These Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. These Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. These Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. These Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. These Defendants deny the allegations contained in Paragraph 18 of Plaintiff's

Complaint.

19. These Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. These Defendants admit that they laid off certain employees in the area described by Plaintiff's Complaint on or about October 24, 2019. These Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### Count I – Violation of the WARN Act

22. These Defendants incorporate the admissions and denials contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Paragraph 23 of Plaintiff's Complaint contains legal conclusions to which no response is required. These Defendants deny all allegations not expressly admitted.

24. These Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. These Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. These Defendants deny they ever employed Plaintiff, and therefore deny they ever laid him off. These Defendants deny for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. These Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's

Complaint.

29. These Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. These Defendants admit they did not provide advance written warning of their decision to layoff employees on October 24, 2019. These Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. These Defendants deny for want of knowledge or information sufficient to state The truth or veracity of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## Class Allegations

32. These Defendants incorporate the admissions and denials set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. Paragraph 33 of Plaintiff's Complaint contains no factual allegations, so no response is required. These Defendants deny all allegations not expressly admitted.

34. Paragraph 34 of Plaintiff's Complaint contains no factual allegations, so no response is required. These Defendants deny all allegations not expressly admitted.

35. These Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. These Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. These Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. These Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. These Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## Damages and Relief Requested

40. Paragraph 40 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

41. Paragraph 41 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

42. Paragraph 42 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

43. Paragraph 43 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

44. Paragraph 44 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

45. Paragraph 45 of Plaintiff's Complaint makes no factual allegations, so no response is required.  These Defendants deny all allegations not expressly admitted.

46. These Defendants deny all allegations not expressly admitted.

These Defendants respectfully request that this Court deny Plaintiff's request for class certification, and dismiss this suit with prejudice.

## Affirmative Defenses

Pursuant to Fed. R. Civ. P. 8, these Defendants hereby assert the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.
2. Plaintiff's request for class certification should be denied based on application of Fed. R.

Civ. P. 23(b).

3. These Defendants are not parents, subsidiaries, or sister companies of Plaintiff's employer, Tams Management, Inc.

4. The facilities referred to by Plaintiff are not a "single site of employment" under the WARN Act.

5. Under 29 U.S.C. § 2104 (a)(4), These Defendants are entitled to a reduction in any liability based on their good faith belief that they were not required to comply with the WARN Act because they expected the Plaintiff's layoff to be temporary.

6. Plaintiff is not similarly situated with respect to other potential class members because he was an employee of Tams Management, Inc., an entity which is unrelated to the other entities involved in this suit.

7. Plaintiff's Complaint fails because he did not suffer a loss of employment as defined by the WARN Act, in that he was offered reinstatement with his employer within six months of the end of his employment.

8. These Defendants request a jury of the maximum number permitted by law to try this matter.

9. These Defendants request leave to amend this Answer to plead their affirmative defenses More specifically once discovery has been completed.

The above considered, These Defendants request this Court deny Plaintiff's request for class certification, deny Plaintiff's claims with prejudice, and tax costs to the Plaintiff.

Respectfully Submitted:

/s/  Christopher J. Schroeck

        Christopher J. Schroeck (WVSB # 13686)
        Bluestone Resources, Inc.
        302 S. Jefferson St.
        Roanoke, VA 24018
        Phone:  (540) 492-4080, x 211
        Facsimile: (540) 301-1370
        chris.schroeck@bluestone-coal.com
        *Counsel for Defendants*

## **Certificate of Service**

      I hereby certify that on April 24, 2020, a copy of the foregoing was filed electronically. The following individuals will be served electronically through the electronic case filing system:

Samuel B. Petsonk (WVSB #12418)
Petsonk, PLLC
101 Ramey Court
P.O. Box 1045
Beckley, WV 25802
(304) 900-3171
Facsimile:  (304) 986-4633

Aubrey Sparks
Ben J. Pomponio (#7774)
Mountain State Justice, Inc.
1217 Quarrier St.
Charleston, WV 25301
(304) 344-3144
Facsimile:  (304) 344-3145
aubrey@msjlaw.com
ben@msjlaw.com

        /s Christopher J. Schroeck