IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JULES GAUTIER,**
**individually and on behalf of all others**
**similarly situated,**

      **Plaintiff,**

vs.

**TAMS MANAGEMENT, INC.,** *ET AL.,*

      **Defendants.**

**CASE NO. 5:20-CV-00165**

## ORDER

On December 11, 2020, this Court granted Plaintiff's Motion to Compel and for Attorney's Fees and Expenses (ECF No. 28) and pursuant to this Court's direction therein, Plaintiff has since submitted a ***Fee Petition*** (ECF No. 33) of expenses incurred in the prosecution of the Motion to Compel, to which Defendants have filed their ***Response*** (ECF No. 36), to which Plaintiff filed a ***Reply*** (ECF No. 37). For the reasons set forth *infra*, the Court **GRANTS** Plaintiff's request for fees and costs as set forth in the ***Fee Petition***.

### Background

This Court is well aware of the issues and procedural events leading up to Plaintiff's request for its attorneys' fees, which are outlined in this Court's Order entered on December 11, 2020 (ECF No. 28), thus, they will not be reproduced herein. Nevertheless, it is necessary to revisit the Court's reasons why it granted Plaintiff's Motion to Compel which only further support an award for the modest fees requested in the Fee Petition: Had it not been for Defendants' unreasonable failure to respond to Plaintiff's discovery requests in the first instance, this Court would not have

1

had to intervene and to compel Defendants to produce documents that they should have done in lieu of filing yet another Motion for Summary Judgment. Put simply, had it not been for this Court, Defendants would not have made the voluminous production of documents just ahead of the hearing on Plaintiff's Motion to Compel.

## The Argument for Sanctions

Plaintiff asks for $942.00, which represents the hourly attorney fees and paralegal fees expended in prosecuting the Motion to Compel, and represents a reasonable amount in this District. Plaintiff reminds the Court that rather than respond to informal and later formal discovery requests, Defendants twice filed Motions for Summary Judgment, the first one being denied by this Court for being premature as discovery had not begun yet. Plaintiff states that even after filing the Motion to Compel, Defendants still did not produce the most relevant and responsive documents in this action: Plaintiff's own payroll records. However, since this Court granted the Motion to Compel, Plaintiff states that Defendants have been more forthcoming and responsive in their production, giving Plaintiff hope that the litigation can proceed in a more amicable and cooperative fashion.

In response, Defendants argue that Plaintiff mischaracterizes Defendants' conduct by arguing it filed a Motion for Summary Judgment in lieu of responding to discovery, because Plaintiff had not served production requests until later on in this action. Defendants' delayed response is the result of having children homebound due to COVID, and the delay is only a few days, not months as Plaintiff suggests, thus, Plaintiff was not prejudiced. Additionally, Defendants fully responded to Plaintiff's requests, which Plaintiff conceded. As such sanctions are unwarranted here.

In reply, Plaintiff reasserts that discovery began with informal requests that were rebuffed and required conferring and compromise, but only after initiating formal discovery requests did it

have to move to compel production because Defendants failed to timely respond. Plaintiff contends that informal requests are still favored under the applicable discovery rules and its modest request for attorney's fees serve to promote judicial economy and cooperation in this litigation.

### Relevant Law

Rule 37 of the Federal Rules of Civil Procedure governs the Court's authority for issuing the appropriate sanctions:

> If the motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving the parties an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:
>
> (i) The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) The opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) Other circumstances make an award of expenses unjust.

Fed. R .Civ. P. 37(a)(5)(A).

Rule 37(b)(2)(A) vests courts with a variety of sanctions when a party fails to obey an order to provide or permit discovery, including but not limited to striking pleadings in whole or in part. The Fourth Circuit has instructed district courts to apply a four-part test when determining appropriate sanctions under Rule 37(b): (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Young Again Prods., Inc. v. Acord, 459 Fed. Appx. 294, 301 (4th Cir. 2011); Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

When considering a motion for attorneys' fees, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court's assessment of the requested award should include consideration of hours which were spent excessively, redundantly, or unnecessarily. Id. at 434. The starting calculation is referred to as the lodestar amount. Grissom v. The Mills Corp., 549 F.3d 313 (4th Cir. 2008). There are twelve factors that the Court must consider on the calculation of reasonable attorneys' fees:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom, 549 F.3d at 321. Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Johnson, 278 F.3d at 337.

## Discussion

As noted *supra*, this Court previously granted Plaintiff's Motion to Compel (ECF No. 28) as a result of Defendant's failure to properly and timely respond to discovery requests. The undersigned is stunned that Defendants maintain not only that Plaintiff has supposedly not been prejudiced by the "short delay" in its production, but bizarrely contends that instead of conferring, Plaintiff "chose motion practice, which is of course more time-consuming than a phone call" (ECF

No. 36 at 2) while at the same time ignores Defendants' ***own*** motion practice instead of simply responding to reasonable discovery requests! The fact that there is and was a global pandemic ongoing is of no moment, as Defendants still found time and found it appropriate to file two separate Motions for Summary Judgment. Further, Defendants' argument against sanctions because they produced discovery responsive to Plaintiff's ongoing requests only after this Court ***compelled*** them to do so lacks merit – this forced concession is not a hallmark of reasonableness and good faith. These events simply do not reflect favorably upon Defendants. Had Defendants simply responded to Plaintiff's discovery requests after having been served, none of these extra pleadings, as well as Court time, would have been necessary. Finally, the undersigned notes that Defendants do not address the reasonableness of Plaintiff's attorneys' fees.

Given this procedural history, the Court "must" order Defendants to pay Plaintiff's attorneys' fees under Rule 37(a)(5)(A).

Even when examining these particular circumstances under Rule 37(b)(2)(A), and pursuant to the four-part test promulgated by the Fourth Circuit, the undersigned is hard-pressed **NOT** to find Defendants acted in bad faith when it did not respond to Plaintiff's discovery requests in a timely manner. Counsel for Defendants has represented that Defendants' failure to respond to discovery is the result of complications dealing with the global pandemic and/or with Plaintiff not having formally filed discovery requests earlier in this litigation, but only after Plaintiff formally filed requests, the delay to respond was "short" and thus, not prejudicial. However, none of this has been demonstrated here, especially in light of Defendants' own motion practice, which forced Plaintiff to have to file a response in opposition. With regard to Plaintiff's alleged prejudice as a result of Defendant's misconduct, there is no question that discovery has been delayed by several months, and thereby Plaintiff's access to justice is similarly delayed. Another obvious prejudice

suffered by Plaintiff is the fact that after an hearing (virtual) and entry of an order compelling the production of requested material, it was subjected to additional, time-consuming and costly litigation without the benefit of this discovery. The fact remains that Plaintiff was forced to file a Motion to Compel and have this Court intervene in what should have been a straightforward discovery request that did not require Court intervention. In short, Plaintiff was prejudiced to the extent of having this proceeding delayed and having to prosecute a simple discovery request.

With regard to the third and fourth factors of the four-part test, there is no question that some form of deterrence is necessary to prevent this misconduct. During the hearing on Plaintiff's Motion, the Court had admonished Defendants for failing to produce discovery in response to a reasonable request without sufficient explanation or substantial justification for the failure. Additionally, Plaintiff has requested its attorneys' fees and costs to be awarded as a result of Defendants' discovery abuses. The Court does not condone Defendants' discovery conduct, and with regard to Plaintiff's request for attorneys' fees, the Court **FINDS** that this sanction is not only appropriate, but also mandated by Rule 37 of the Federal Rules of Civil Procedure given the circumstances surrounding Plaintiff's Motion to Compel. Plaintiff submitted an invoice detailing attorney and staff time incurred in prosecuting the Motion to Compel. (ECF Nos. 33-1 – 33-9)

Regarding the 'time entries' portion of the invoice as they relate to attorney and staff time spent in connection with the Motion to Compel, Plaintiff has provided a reasonable explanation for these charges. The Court notes that the invoice clearly addresses the time spent on each entry and by whom. The invoice outlines the first factor in the lodestar method, the time and labor expended.

As for the second and third factors, the novelty and difficulty of the questions raised and the skill required to properly perform the legal services rendered, there is little evidence that

Plaintiff's counsel encountered a novel or difficult problem requiring much legal skill: Defendants simply failed to respond to discovery requests and failed to give any reasonable excuse for their failure. However, with respect to the fourth factor, Plaintiff's counsel has demonstrated that the parties could have pressed forward with discovery and further developed this case during the several months of delay had it not been for Defendants' conduct. This is an opportunity cost that is quite apparent. Further, Plaintiff's counsel had to unnecessarily spend time and effort to obtain responses to discovery – this time and effort also required this Court's intervention where the Court was forced to compel Defendants to respond to Plaintiff's discovery requests.

Regarding the fifth factor, the Court notes that the hourly rates asserted by Plaintiff's counsel and counsel's staff are not facially unreasonable, and having reviewed other hourly rates for attorneys in this District, are customary, if not on the lower end to middle of the spectrum.[1] Accordingly, Plaintiff has demonstrated that the purported counsel's hourly rates are reasonable, and correlate within the prevailing market in the relevant community. See Blum v. Stenson, 465 U.S. 886, 895 (1984).

Regarding the sixth factor, the Court would note that Plaintiff's counsel's expectations at the outset of this litigation, at minimum, was to obtain timely responses to discovery requests. Engaging in discovery is fundamental to every action initiated in any court and is generally useful because it can streamline or narrow the issues to be tried. This serves the interests of both Plaintiff and Defendants, however, as seen here, when one party fails to respond to discovery or otherwise participate in the litigation in any meaningful way, as a result counsel's expectations are modified, sometimes significantly.

---

[1] The Court does not detail the particular hourly fee of each attorney or staff member. In the opinion of the undersigned, the average fees in this jurisdiction are in the neighborhood of $350-$500 per hour, although the Court has seen hourly rates well in excess of the average as well. The fees being requested here in are considerably less than the average in this jurisdiction.

This in turn impacts the time limitations imposed either by the client or the circumstances as noted in factor seven. Though the deadline for discovery in this case has not yet expired, there is no dispute that there has been a delay of same for several months which warranted this Court's intervention.

Regarding the eighth factor, Plaintiff's invoice indicates that 201 minutes (billed at the standard .6 per hour) were expended to pursue the motion to compel in the amount of $942.00. Obviously, Plaintiff succeeded on the Motion to Compel, and as required by Rule 37, Plaintiff is entitled to recompense for attorneys' fees.

Regarding the ninth factor, the experience, reputation and ability of Plaintiff's counsel do not appear to be an issue or disputed; similarly, factors ten and eleven do not raise any genuine concerns in this case given the specific circumstances giving rise to the necessity for Plaintiff's Motion to Compel and for Attorney's Fees and Expenses.

Finally, as noted *supra*, factor twelve which concerns attorneys' fees awards in similar cases, the Court deems the hourly rates and the time expended on the Motion reasonable, especially in light of Plaintiff forgoing additional expenditures on brief tasks or phone calls. (ECF No. 33 at 4)

Accordingly, Plaintiff's Motion for Attorney's Fees and Expenses as outlined in the ***Fee Petition*** (ECF No. 33) are **GRANTED** and that Defendants shall pay for Plaintiff's attorneys' fees and expenses in the amount of **$942.00**. Defendant shall have **thirty (30) days** from the date of this Order in which to pay Plaintiff's attorneys' fees and expenses in full.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive Motion may be contested by filing within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Court will consider

the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to all counsel of record.

**ENTER: January 11, 2021**.

Omar J. Aboulhosn
United States Magistrate Judge