UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JULES GAUTIER,
*individually and on behalf of all
others similarly situated*,

        Plaintiff,

v.                                  CIVIL ACTION NO.  5:20-cv-00165

TAMS MANAGEMENT, INC. and
PAY CAR MINING, INC. and
BLUESTONE INDUSTRIES, INC. and
BLUESTONE RESOURCES, INC. and
BLUESTONE COAL CORP.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Jules Gautier's Motion to Certify Class [Doc. 45], filed January 21, 2021. The matter is ready for adjudication.

### I.

Gautier instituted this action on March 4, 2020. [Doc. 1]. He alleges that Defendants Tams Management, Inc. and Pay Car Mining, Inc. "on their own and in concert with their affiliates Bluestone Industries, Inc., Bluestone Resources, Inc., and Bluestone Coal Corp." violated the Worker Adjustment and Retraining Notification ("WARN") Act. [*Id.* at 1]. Specifically, he alleges that on or about October 24, 2019, Defendants "failed to provide their full-time employees with sixty-days notice" prior to laying off more than fifty workers at the Burke Mountain Mine Complex. [*Id.* at 1].

Gautier alleges that Burke Mountain Mine Complex employees "were engaged in a common operational purpose, under common management, used common equipment, and were under the Defendants' *de facto* and *de jure* management, maintenance, and control." [*Id.* at 5]. As such, Gautier argues the Burke Mountain Mine Complex constitutes a "single site of employment" for WARN Act purposes. [*Id.* at 4]. Gautier alleges that he and the other employees suffered an employment loss because they were either separated or laid off from work for a period exceeding six months. [*Id.* at 7]. Gautier brings this action on behalf of the class of workers harmed by Defendants' alleged WARN Act violation. [*Id.* at 8–9].

On January 21, 2021, Gautier filed a Motion to Certify Class. [Doc. 45]. He requests the Court certify a class with the following definition:

> All employees of Bluestone Industries, Inc. ("Bluestone") who were terminated from employment, or subject to a reduction in force, at the Burke Mountain Mine Complex during the period beginning on October 14, 2019 and ending on January 11, 2020.

[*Id.* at 1]. Gautier asserts the Honorable Irene C. Berger "repeatedly certified classes of WARN Act claimants for the same Burke Mountain Mine Complex." [Doc. 46 at 2]. The areas of the Burke Mountain Mine Complex involved in the reduction in force qualify as a single site of employment because under Defendants' control they "pursued a common operational purpose, and shar[ed] crews, equipment, and facilities." [*Id.* at 11]. Gautier contends the class of employees who worked here all experienced an "employment loss" at Defendant Bluestone Industries' direction. [*Id.* at 7 (citing 29 U.S.C. § 2101(a)(6))].

Furthermore, Gautier asserts the class meets all the requirements of *Federal Rule of Civil Procedure* 23. Gautier contends numerosity is satisfied inasmuch as the class includes approximately 163 employees injured by the WARN Act violation. [*Id.* at 14]. He also contends that the class members' claims all share common questions of law despite minor factual variations.

2

[*Id.* at 15]. Gautier contends his interests are aligned with the other class members due to their common employment loss. [*Id.* at 16–17]. Additionally, Gautier asserts his claims have no conflicts with the other class members and his counsel have extensive experience serving as class counsel for similar claims. [*Id.* at 17–18]. Finally, Gautier states that the class satisfies Rule 23(b)(3) inasmuch as common questions of law and fact predominate over any individual case. [*Id.* at 20].

On January 29, 2021, Defendants responded in opposition. [Doc. 47]. Defendants first contend the class definition is not sufficiently numerous because it includes employees who do not have a WARN Act claim, such as those who were terminated for cause. [*Id.* at 3]. Defendants also assert Gautier failed to show the prevalence of common issues of fact and law. [*Id.* at 4]. Next, Defendants assert Gautier does not satisfy the typicality requirement inasmuch as he and other class members refused the chance to return to their old jobs. [*Id.* at 3]. Defendants also rely on an affidavit submitted by Stephen Ball, Vice President and General Counsel for Bluestone Resources, stating that Tams Management, Inc. "bears no legal relationship to the other Defendants to this case." [*Id.* at 5 (citing Doc. 47-1 (Aff. of Stephen Ball))].

On February 5, 2021, Gautier replied that the common control of the mass layoff indicates that the Burke Mountain Mine Complex operations "comprise a single site of employment regardless of their ownership." [Doc. 48 at 1]. Gautier reasserts that three central issues of law and fact predominate: "(1) whether the Defendants jointly carried out a layoff[,] mass layoff[,] or plant closing as to each affected employee; (2) whether Defendants provided written notice to those employees as required by the WARN Act; and (3) the amounts of the relief due to [class members]." [*Id.* at 6]. Gautier also contends that even if the number of affected individuals is slightly less than proffered, "substantially in excess of fifty individuals are likely affected by

3

this claim," [*Id.* at 7], and he notes that evidence of other reasons for employment loss can be presented at trial, [*Id.* at 8]. Finally, Gautier again contends Bluestone Industries management directed the reduction in force, meaning all class members, including Gautier himself, may assert a claim under the WARN Act. [Doc. 8–9].

II.

**A. WARN Act Claims**

The WARN Act requires an employer to provide 60-day notice before ordering a plant closing or mass layoff. 29 U.S.C. § 2102(a). A "mass layoff" is defined as a "reduction in force . . . not the result of a plant closing; [which] results in an employment loss at the single site of employment during any 30-day period for . . . at least 33 percent of the employees . . . and . . . at least 50 employees." 29 U.S.C. § 2101(a)(3). Part-time employees are not counted in this calculation. *Id*. Department of Labor ("DOL") regulations define an "employment loss" as "(i) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (ii) a layoff exceeding 6 months, or (iii) a reduction in hours of work of individual employees of more than 50% during each month of any 6–month period." 20 C.F.R. § 639.3.

An "employer" is defined as "any business enterprise that employs-- (A) 100 or more employees, excluding part-time employees; or (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)." 29 U.S.C. § 2101(a)(1)(A)-(B). DOL regulations provide that "independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent." 20 C.F.R. § 639.3. Relevant factors for courts to consider are "(i) common ownership,

(ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id*.

DOL regulations also provide that a "single site of employment can refer to either a single location or a group of contiguous locations." 20 C.F.R. § 639.3(i)(1). Furthermore, even "[s]eparate buildings or areas which are not directly connected or in immediate proximity may be considered a single site of employment if they are in reasonable geographic proximity, used for the same purpose, and share the same staff and equipment." 20 C.F.R. § 639.3(i)(3). The regulations also caution that "truly unusual organizational situations" may also be single sites of employment because the "application of this definition with the intent to evade the purpose of the Act to provide notice is not acceptable." 20 C.F.R. § 639.3(i)(8).

**B. Class Certification**

*Federal Rule of Civil Procedure* 23 governs class actions and provides pertinently as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Although the rule speaks in terms of common questions, 'what matters to class certification . . . [is] the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 360 (4th Cir. 2014)

(quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

To certify a class under Rule 23(b)(3), the Court must determine that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts must consider the following factors:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties of managing a class action.

*Id*.

A district court has "broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *Lienhart v. Dryvit Sys., Inc.* 255 F.3d 138, 146 (4th Cir. 2001) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). "The party seeking class certification bears the burden of proof." *Lienhart*, 255 F.3d at 146 (citing *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir. 1981)). When evaluating whether class certification is appropriate, the Court must "take a close look" at the "facts relevant to the certification question, and, if necessary, make specific findings" relevant to certification. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (citing *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004)). This is necessary even if "the issues tend to overlap into the merits of the underlying case." *Id*. (citing *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

### III.

**A. WARN Act Claims**

The first questions are (1) whether Defendants qualify as a single employer for WARN Act purposes, and (2) whether the Burke Mountain Mining Complex qualifies as a single site of employment. The Court notes the issue has arisen in other WARN Act litigation. *See, e.g.*, *Lester v. Pay Car Mining, Inc.*, No. 5:17-CV-00740, 2018 WL 2728033, at *4 (S.D.W. Va. June 6, 2018) (finding defendants therein are a single employer and Burke Mountain Mine Complex is a single site of employment); *Treadway v. Bluestone Coal Corp.*, No. 5:16-CV-12149, 2018 WL 1158256, at *4 (S.D.W. Va. Mar. 5, 2018) (finding Bluestone is a single employer and Burke Mountain is a single site of employment).

Gautier has produced evidence tending to show that Bluestone Industries exercised common ownership and control of the Burke Mountain Mine Complex. [Doc. 46 at 7]. Specifically, the on-site mine supervisors who informed Gautier about the reduction in force are all Bluestone Industries employees. [*Id.* at 9]. Gautier notes that another circuit believes the de facto control component "carries special weight" in the five-factor test. [*Id.* at 8 (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 504 (3d Cir. 2001))].

Defendants primarily dispute the form, not the substance, of the evidence Gautier provides. [Doc. 47 at 3]. Specifically, they contend the declarations Gautier cites were not executed consistent with 28 U.S.C. § 1746 and are thus hearsay. [*Id.* at 3 (claiming the declarations are not admissible evidence), 7 (claiming Gautier "has not developed admissible evidence")]. But Gautier later submitted identical declarations consistent with 28 U.S.C. § 1746. [*See* Doc. 49 (including declarations attesting to the veracity of prior declarations)].

Defendants appear to challenge the single employer assertion only on the ground that "Tams Management bears no legal relationship to the other Defendants to this case." [Doc. 47 at 5 (citing 47-1 at ¶ 10)]. The declaration Defendants cite in support is from Bluestone Resources Vice President and General Counsel Stephen Ball. [*See* Doc. 47-1 at ¶ 2]. But Mr. Ball's declaration neglects to mention that he is also the Vice President of Tams Management. [*See* Doc. 45-16 at 2 (West Virginia Secretary of State business organization detail for Tams Management)]. Regardless of whether Tams Management is a Bluestone subsidiary, regulations provide that even independent contractors may be treated as part of the contracting company depending upon the degree of their independence. 20 C.F.R. § 639.3. Additionally, (1) Defendants have nearly identical directors and officers, [Docs. 45-11, 45-12, 45-13, 45-14, 45-15, 45-16 (business organization details for Defendants)], and (2) Bluestone Industries exercised de facto control through its on-site supervisors. Given the totality of the circumstances, the Court concludes the Defendants constitute a single employer for WARN Act purposes.

Regarding whether the Burke Mountain Mine Complex is a single site of employment, Gautier notes that the areas involved in the reduction in force are within close geographic proximity. [Doc. 46 at 11]. Gautier also notes the areas share a common operational purpose, along with shared crews, equipment, and facilities. [*Id.*]. Defendants do not dispute that the Burke Mountain Mine Complex is a single site of employment; Judge Berger has found as much on multiple occasions. *Lester*, 2018 WL 2728033, at *4; *Treadway*, 2018 WL 1158256, at *4. Thus the Court finds Burke Mountain Mine Complex is a single site of employment for WARN Act purposes.

**B. Class Certification**

The Court next analyzes whether the class Gautier proposes satisfies numerosity,

commonality, typicality, and adequacy of representation. He must also show that common questions of law or fact predominate over individual questions and that the class action is superior to other adjudicative methods. Fed. R. Civ. P. 23(b)(3).

Defendants challenge Gautier's documentary evidence showing that at least 163 employees were laid off in violation of the WARN Act. [Doc. 47 at 3]. The Defendants' declaration states Gautier's records are "riddled with inaccuracies," but the only inaccuracy it identifies is that an undetermined number of employees voluntarily left for other jobs. [Doc. 47-1 at ¶ 13]. In actuality, Defendants rely primarily on technical procedural grounds to resist Gautier's evidence. [Doc. 47 at 3 (claiming declarations submitted by Gautier are not admissible evidence)].

Even assuming that Gautier's submission is a bit overinclusive does not defeat his numerosity showing. Defendants will have the opportunity during class administration to offer evidence showing that a class member left voluntarily. The proposed class satisfies the numerosity requirement.

The next factor is commonality. Defendants assert an undetermined number of members voluntarily resigned or transferred to another company. [Doc. 47 at 4]. Defendants claim this will make the class action "inefficient and unwieldy." [*Id.*]. Again, however, the class administration period will provide Defendants an opportunity to identify and object to any class member they believe is improperly included. *See, e.g.*, *Adkins v. Midland Credit Mgmt., Inc.*, No. 5:17-cv-04107, 2021 WL 209054, at *3 (S.D.W. Va. Jan. 20, 2021) ("Such ministerial matters do not overwhelm the common questions of law and fact present among the class members.").

Regarding common questions of law and fact, there are three important questions in this litigation: (1) whether Defendants carried out a mass layoff or plant closing under the WARN Act, (2) whether Defendants provided the statutorily required written notice, and (3) the

degree of injury suffered by Gautier and each class member. These common questions of law and fact predominate; the minor factual variations alleged by Defendants do not change the outcome. The Court thus finds that the proposed class presents sufficient common questions of law and fact.

Next, Defendants offer two reasons they believe Gautier does not satisfy the typicality requirement. First, they allege Gautier is atypical because he "and some other members of the proposed class" were offered a return to their old jobs within the six-month period used to calculate employment loss. [Doc. 47 at 5]. But Defendants misread Gautier's allegation. Gautier alleges he and others who accepted Defendants' offer to return still suffered an employment loss due to the reduction in hours. [Doc. 46 at 4, 6–7 (citing 29 U.S.C. § 2101(a)(6))]. Second, Defendants allege Gautier is atypical because he "is not, and never has been, an employee of Bluestone Resources or any of its subsidiaries." [Doc. 47 at 5]. Given the single-employer finding, however, this contention lacks force. Gautier's claim is thus typical of the class he seeks to represent, particularly because Defendants admit other class members are similarly situated. The Court finds that the relevant claims and defenses are typical of the class.

Finally, Defendants note that their arguments against the adequacy of Gautier's class representation overlap with the question of his typicality. Inasmuch as the Court has rejected Defendants' contentions on that point, it need not repeat the analysis. The Court finds that the representative party will fairly and adequately protect the interests of the class. The proposed class thus meets all of the certification requirements under *Federal Rule of Civil Procedure* 23(a).

As noted, Gautier seeks certification under Rule 23(b)(3), which also requires that common questions of law and fact predominate over questions affecting only individual members. Under this Rule, the Court must also find that a class action is superior to the other methods for fairly and efficiently adjudicating the matter. Fed. R. Civ. P. 23(b)(3). Respecting predomination,

any individual questions are minor and substantially outweighed by the common questions regarding whether a WARN Act violation occurred. Furthermore, a WARN Act claim requires that more than fifty individuals suffer an employment loss. Joinder of that many claims would be impracticable and unwieldy. As such, the Court finds that Gautier's proposed class meets all the requirements for certification.

## IV.

Based on the foregoing discussion, the Court **GRANTS** Gautier's Motion to Certify Class [**Doc. 45**] and **CERTIFIES** the class as moulded.

The Court directs the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 27, 2021



Frank W. Volk
United States District Judge